UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PPG INDUSTRIES, INC., and ) <br> PPG ARCHITECTURAL FINISHES, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> ) <br> V. ) <br> ) <br> LEE PAYNE, MARK PAYNE, ) <br> JOEY PAYNE, and CHRISTIAN CRUMLEY, ) <br> ) <br> Defendants. ) | No. 3:10-CV-73 <br> (JORDAN/SHIRLEY) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Court [Doc. 50] referring Defendants' Motion to Stay Expedited Discovery [Doc. 46] to this Court for disposition. The parties appeared before the Court on April 14, 2010, for a telephonic conference and hearing to address the Defendants' Motion. Attorney Mekesha Montgomery was present representing the Plaintiffs. Attorneys Martin Ellis, Darren Berg, and Kenneth Holbert were present representing the Defendants.

In the its previous Order [Doc. 22], the Court outlined a schedule for expedited discovery, which directed the parties to answer expedited written discovery on or before April 9, 2010. The parties were further directed to take depositions between April 15-23, 2010. The parties extended the deadline for responding to written discovery from April 9, 2010, to April 12, 2010, by their agreement.

After receiving the Plaintiffs' responses to the written discovery, the Defendants filed the instant motion alleging that the Plaintiffs' responses and document production were insufficient and

moving the Court to delay the depositions set for April 15 and 16, 2010. Specifically, the Defendants note that the Plaintiffs produced over 16,000 pages of documents on April 12, 2010, without segregating the documents into categories or designating to which interrogatory or request for production they respond.

The Plaintiffs responded in opposition to the Motion. The Plaintiffs maintain that their answers and objections to the written discovery were complete and/or well-reasoned. [Doc. 49]. The Plaintiffs state that they did not have time to label and categorize the documents produced, but they have offered to do so immediately. The Plaintiffs maintain that the depositions should go forward as scheduled, and note that the persons to be deposed on April 15, 2010, have already arrived in Knoxville. For the reasons explained in the conference, the Court finds that the Motion to Stay Expedited discovery should be **GRANTED**, to the extent more fully explained below.

Document Production. In regards to the documents that have been produced by the Plaintiffs, the Plaintiffs have agreed and are hereby **ORDERED** to organize and label the documents produced as follows: (1) Plaintiffs will respond to each request for production and/or interrogatory by stating what pages of the production are responsive to the request or interrogatory (e.g., "see Bates stamp pages: 4-65 and 754-777"); and (2) Plaintiffs will create an index identifying by Bates stamp page numbers the categories and/or emails contained in the production (e.g. "Email from L. Payne to Customer A dated 03/09/2009 with attachments, Bates stamp pages 79-134," "Documents regarding customer discount rates, Bates stamp pages 223-45.") This labeling and organization shall be completed and provided to the Defendant on **April 15, 2010**.

Depositions. While the Court is reluctant to impose additional travel costs on the Plaintiffs' witnesses, the Court finds that the Plaintiffs' unorganized production necessitates delaying the

depositions in this matter. Accordingly, the depositions scheduled for April 15-16 are **CANCELLED**. The depositions shall be **RESCHEDULED** as follows: April 20, Defendants shall take Rule 30(b)(6) deposition of Plaintiffs' representatives; April 21, Plaintiffs shall depose Christian Crumley; April 22, Defendants shall depose Cliff Carlson and Ken Marvel; and on April 23, Plaintiffs shall depose Lee Payne. The parties have agreed to reserve May 7-11, 2010, for further depositions.

Finally, on April 20, 2010, the Defendants are given leave to complete the deposition in 12 hours, rather than the 7 hours allotted by Rule 30(d). However, the 12 hours is inclusive of breaks and lunch, and in its entirety, the deposition "day" shall not run beyond, approximately, 8:00 a.m. to 8:00 p.m.

<u>Interrogatories</u>. Finally, the Plaintiffs are to review their responses to the interrogatories served upon them by the Defendants and **SHALL SUPPLEMENT** their responses to comply with the detailed instructions given by the Court in the conference. The parties were instructed to set a date for this revision to be completed amongst themselves.

Finally, the parties were instructed to work cooperatively with one another going forward and to be mindful of the costs associated with their inability to settle disputes amongst themselves. If the parties are unable to meet the above deadlines or if further disputes arise before depositions begin on Tuesday, April 20, 2010, the parties may contact the chambers of the undersigned to schedule a follow-up telephone conference for the morning of April 19, 2010.

    **IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge