UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PPG INDUSTRIES, INC., and )
PPG ARCHITECTURAL FINISHES, INC., )
)
    Plaintiffs, )
) No. 3:10-CV-73
) (JORDAN/SHIRLEY)
V. )
)
LEE PAYNE, MARK PAYNE, )
JOEY PAYNE, and CHRISTIAN CRUMLEY, )
)
    Defendants. )

## MEMORANDUM AND ORDER

    This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the referral orders of the District Court. The parties appeared before the Court on May 24, 2010, for motion hearing to address various discovery disputes in preparation for the District Court's hearing on injunctive relief, which is scheduled to be held May 27, 2010. Attorneys Mekesha Montgomery, David Skidmore, and Robert Dibert were present via telephone representing the Plaintiffs. Attorneys Darren Berg, and Kenneth Holbert were present in the courtroom representing the Defendants, and Attorney Martin Ellis was present via telephone representing the Defendants. Attorney Samuel Doak was also present representing Color Wheel, a third-party which has been served with a subpoena *duces tecum* from the Plaintiffs.

The Court addressed the Plaintiffs' Motion to Compel Discovery [Doc. 100], the Defendants' Motion for Protective Order [Doc. 107], and Color Wheel's Motion for Protective Order, along with their accompanying and responsive documents and other discovery issues. The Court's rulings and findings on these motions and issues were as follows.

1. **Plaintiffs' Motion to Compel Discovery [Doc. 100]**

In their Motion to Compel Discovery [Doc. 100], the Plaintiffs move the Court to compel certain discovery, which they contend the Defendants have not produced. The Plaintiffs' Memorandum [Doc. 101] includes a list of items and classes of documents, which they seek, but at the hearing, the Plaintiffs represented that only a portion of the identified items remain at issue. The Court will address each of these in turn.

A. <u>The Hentzen Agreement</u>

The Plaintiffs argue that the Defendants have failed to produce a document memorializing their relationship with Hentzen, a business contact. The Defendants stated that no written agreement exists. At the hearing, the Plaintiffs reviewed the deposition of Mr. Lee Payne and conceded that Mr. Payne does not state that any agreement was memorialized in writing. Accordingly, the Court found the Plaintiffs' argument on this point was not well-taken, as the evidence before the Court indicated that no written agreement existed.

B. <u>Mil-Spec Sales Documents</u>

The Plaintiffs maintain that the Defendants have not produced sales documents that have been requested from Mil-Spec. At the hearing, the Defendants stated that they had produced a Quicken program document detailing all the sales transactions Mil-Spec has participated in since its conception. The Plaintiffs stated that they had compared this production with invoices or

descriptions of transactions and were concerned that some invoices and/or transaction documents had not been produced. The Plaintiffs, however, conceded that they had not informed the Defendants of the specific discrepancies with which they were concerned prior to filing the Motion to Compel. The Defendants attempted to look for the requested invoices, but the Court found that this process should take place between counsel in discovery conferences not before the Court. The Court directed the parties to confer about the invoices and work out any discrepancies to the best of their ability.

Given the lack of notice to the Defendants and the apparent lack of conferral on this issue, the Court found the Plaintiffs' argument on this issue was not well-taken.

C.Communications with Jones-Blair

The Plaintiffs allege that the Defendants have not produced communications with Jones-Blair, another paint company. At the hearing, the Defendants stated that the only communication they had with Jones-Blair took place on a company computer that has been returned to the Plaintiffs. The Plaintiffs said that this statement was all they sought on this issue and that it mooted the issue.[1] Accordingly, the Court found that the Plaintiffs' argument for compelling discovery on this issue was not well-taken.

D.Checks and Deposit Slips from Mil-Spec

The Plaintiffs also maintain that the Defendants have failed to produce checks and deposit slips from Mil-Spec's bank account. The Defendants stated that they had complied with the

---

[1] The Plaintiffs representation made it clear to the Court that many of the issues that were before it were the product of the parties failing to confer on their issues prior to involving the Court in the matters. Therefore, the Court directed that in the future, the parties shall speak to one another on the phone, not by email, at least one hour before any discovery conference.

3

Plaintiffs' request for financial records by supplying the banking records without the checks or deposit slips. The Plaintiffs agreed that their request for production had originally requested financial records rather than specifically requesting checks and deposit slips, but the Plaintiffs noted that the checks were relevant in this matter, as they demonstrated when the Defendants began leasing property for their alleged competing business venture, Mil-Spec.

The Court found the Plaintiffs' position to be well-taken, and the Defendants agreed to turn over images of the checks written from the Mil-Spec account from February 15, 2010, or the date it was opened, to the present, as soon as possible. The Plaintiffs agreed that the images were sufficient, and the original checks were not needed.

E.  Mark Payne's Home Computer

The Plaintiffs seek an imaging of Lee Payne's home computer. At the hearing, the Defendants stated that the computer had been imaged and the image had been over-nighted to the Plaintiffs. The Plaintiffs stated that the Defendants had, most likely inadvertently, produced a copy of the computer rather than an imagining of the computer.

The Court found the Plaintiffs' argument on this issue to be well-taken, and the Defendants agreed to have their IT specialist, Sean Thompson, re-image the computer as soon as possible. The parties agreed that Bob Dibert, the Plaintiffs' IT specialist, would take part in the call to Mr. Thompson, so that the parties could be in agreement about the process to be completed and the instructions regarding the imaging.

Accordingly, the Plaintiffs' Motion to Compel **[Doc. 100]** is **DENIED IN PART** and **GRANTED IN PART** as more fully explained above.

2.  **Defendants' Motion for Protective Order [Doc. 107] and Color Wheel's Motion for Protective Order [Doc. 111]**

The Plaintiffs have served subpoenas duces tecum on various entities with which the Defendants are alleged to have business relationships, including PPG's competitor Color-Wheel. [Doc. 108-1]. Parts 1-5 on the subpoena's request for documents seek, among other things, all documents regarding these entities pricing, customers, contacts, sales volumes, discounts, and costs in the Knoxville, Tennessee market from January 2008 to the present. [Doc. 108-1 at 3-4]. The Defendants argue that these requests are over-broad and constitute an abuse of the subpoena power under the Federal Rules of Civil Procedure. [Docs. 108 and 110]. Color-Wheel maintains that the information sought is confidential, proprietary business information, whose release to a competitor would implicate anti-trust provisions. [Doc. 111].

At the time of the hearing, the Plaintiff agreed to withdraw parts 1-5 of the subpoenas, and the Plaintiffs further agreed to accept production of documents under parts 6-7, which redacted any email addresses or financial information. Accordingly, the Court found that the Motions to Quash **[Doc. 107 and 111]** are **DENIED AS MOOT** in light of the Plaintiffs' agreement to withdraw the portions of the subpoenas to which the Defendants and Color-Wheel object. The Court is not prepared, at this time, to find harassment by the Plaintiffs, and any contentions of harassment or abuse of subpoena contained in the Defendants' Motion to Quash are **DENIED WITHOUT PREJUDICE**.

3.  **Additional Discovery Disputes**

Because of the consistent and ongoing discovery disputes in this matter, the Court further advised the parties on a variety of issues.

First, the Court admonished the parties that filings should be made at a time and in a form that allows the Court sufficient time to review the information provided and to prepare before any hearing on the same.

In addition, the Court instructed the parties that requests to seal extremely large documents consisting of hundreds of pages, [see Doc. 118], struck the Court as attempts to unnecessarily remove these proceedings from the public view. The Court instructed both parties that indiscrete requests to seal, without specifying pages or portions to be sealed, may be interpreted as abuse of the sealing privilege and the Protective Order [Doc. 57] in the future.

On the issue of the ongoing hard drive word searches in this case, the Court directed further searches and production to include producing all 'hits' for "Payne," "FBI," "Haughton," "Crumley," "shut down," and the production of the terms "you know who" and "Hinds" with certain Boolean modifiers to be provided by Defendants' counsel. Further, the Court noted that any documents that were not produced because of a claim of privilege should be documented in a properly constituted privilege log, which should be produced as soon as possible, or risk the loss of such privilege.

Finally, the Defendants maintain that they should be allowed to re-take a number of depositions in light of recently-produced emails. The Court found that there was no need to re-take the depositions because the recent production that caused the Defendants to want to re-take these depositions goes to the Plaintiffs' actions and motivations regarding the Defendants' counterclaims and, thus, more toward the Defendants' counter-claims, whereas the present issue before the District Court this week is the Plaintiffs' request for injunctive relief. Thus, this deposition testimony is not necessary, on that issue, at this time.

4. **Conclusion**

In sum, the Motion to Compel **[Doc. 100]** is **DENIED IN PART** and **GRANTED IN PART**. The Motions to Quash **[Doc. 107 and 111]** are **DENIED AS MOOT** in light of the Plaintiffs' agreement to withdraw portions of the subpoenas, and any contentions of harassment or abuse of subpoena contained in the Defendants' Motion to Quash is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge